## E. C. SNOW v. STATE.

No. A-7117.  Opinion Filed Nov. 30, 1929.
(283 Pac. 259.)

Rummons & Hughes, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kiowa county on a charge of furnishing intoxicating liquors to a minor, and was sentenced to pay a fine of $250 and to serve 30 days in the county jail.

The information as filed in the county court charged that

"* * * E. C. Snow then and there being, did then and there unlawfully, wilfully, and without authority of law furnish intoxicating liquors to Wilbur Lester, a minor, the said Wilbur Lester then and there being of the age of 18 years old."

Both the state and defendant announced ready for trial, and a jury was impaneled. The state then asked leave to strike from the information "the word 'minor' and the statement that the said Wilbur Lester was then and there being of the age of eighteen." Defendant objected that the amendment would constitute a material change in the charge; that the court had no jurisdiction to hear and determine the case; that defendant was not ready for trial under the information as amended; that defendant had not been arraigned thereon and had no opportunity to plead thereto. The court ordered the amendment made, but the record discloses it was not in fact made, and the information in the record is as above quoted. No briefs have been filed. If the allegation that defendant "did * * * furnish" intoxicating liquor is sufficient to charge any offense, the information in the first instance charged a felony under section 6996—7, Comp. St. 1921. The county court in which it was filed had no jurisdiction of the offense unless the information

should be treated as a complaint, and then its jurisdiction would be to conduct a preliminary examination only. Unless the information was actually amended, the county court had no jurisdiction to put defendant on trial. If the amendment should be considered as having been made, it changed the nature of the offense. In such case defendant should have been arraigned thereon. The jury impaneled before the amendment of the information, actual or constructive, was impaneled by a court without jurisdiction. The error here is fundamental. The procedure cannot be sustained.

The case is reversed.

DAVENPORT and CHAPPELL, JJ., concur.